The Honorable Mike Hathorn State Representative Route 2, Box 409 Huntsville, AR 72740-9649
Dear Representative Hathorn:
You have requested an Attorney General opinion in response to the following question:
 When assessing property taxes, should the county assessor implement Amendment 59 first, the rollback on all taxing units, then apply 1/3 of the reassessed value after the rollback to each of the 3 years; or should Act 1185 supersede Amendment 59 so that the county assessors should apply the provisions of Act 1185 first, therefore only giving a rollback in cases where the reappraised value is over a 10% increase for each of the three years?
RESPONSE
It is my opinion that the rollback provision of Amendment 59 must be applied if the reappraisal reflects an increase in the aggregate value of property in any taxing unit of 10% or more over the previous year — even if, pursuant to Act 1185 of 1999, only one-third of that increased value is added to the tax rolls in a given year. It is my opinion that the Assessment Coordination Department has the responsibility and authority to determine the specific manner in which Amendment 59 is to be implemented in conjunction with Act 1185. The Department must, of course, do so in a manner that complies with both laws. In this regard, I specifically note that Act 1185 cannot supersede Amendment 59, because Amendment 59 is a constitutional provision, and the legislature does not have the power to override a constitutional provision by statute (unless it does so through the authorized process of legislative amendment under Ark. Const., Art. 19 § 22, or Ark. Const., Am. 51, § 19).
I also note that the Assessment Coordination Department's decisions concerning the administration of the state's tax laws are binding upon the county assessors. This binding authority of the Department is described in A.C.A. § 26-24-106, which states:
 (a) The Arkansas Public Service Commission[1] shall have the full power and authority in the administration of the tax laws of this state to answer all questions that may arise in the construction of any statute affecting the assessment, equalization, or collection of taxes, in accordance with the advice and opinion of the Attorney General.
 (b) Such opinion and the rules, regulations, orders, and instructions of the commission prescribed and issued in conformity therewith shall be binding upon all officers, who shall faithfully observe and obey the same unless and until they are reversed, annulled, or modified by a court of competent jurisdiction.
A.C.A. § 26-24-106.
Accordingly, it is my opinion that in implementing Amendment 59 and Act 1185, the county assessors must utilize the method that is prescribed by the Assessment Coordination Department.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] The Assessment Coordination Department was originally a division of the Arkansas Public Service Commission. See A.C.A. § 26-24-101. That Division was separated from the APSC by Act 436 of 1997 and now operates as a principle department, rather than as an arm of the APSC.Act 436 of 1997 states:
 (a) The Assessment Coordination Division of the Public Service Commission is transferred by a Type 2 transfer as provided in § 25-2-105 to the Assessment Coordination Department.
 (b) For purposes of this subchapter, the Assessment Coordination Department shall be considered a principal department established by Act 38 of 1971.
Acts 1997, No. 436, § 2.
The reference in A.C.A. § 26-24-106 can therefore reasonably be interpreted as a reference to the Assessment Coordination Department.